**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANDRE VANCLIFF | : | |
| Appellant | : | No. 2242 EDA 2016 |

Appeal from the PCRA Order June 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0508101-1992

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 27, 2018**

Appellant, Andre Vancliff, appeals from the order entered June 13, 2016, denying as untimely his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On October 5, 1993, following a jury trial, Appellant was convicted of first-degree murder and possession of an instrument of crime ("PIC").[1]  On August 3, 1994, Appellant received a life sentence for murder and a concurrent term of two and one-half to five years of imprisonment for PIC.  Appellant timely appealed.  On April 21, 1995, this Court affirmed Appellant's judgment of sentence, and his petition for *allocatur* was denied September 13, 1995. *See Commonwealth v. VanCliff*, 663 A.2d 255 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 668 A.2d 1130 (Pa. 1995).

---

[1] 18 Pa.C.S. §§ 2502 and 907, respectively.

Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court.

Appellant *pro se* filed his first petition seeking PCRA relief on July 8, 1998.[2] On November 30, 1998, the petition was dismissed as untimely. Appellant did not appeal the dismissal of his first petition.

On March 19, 2012, Appellant *pro se* filed a second, untimely PCRA petition. In the petition, he raised vague allegations of ineffective assistance of trial counsel and prosecutorial misconduct, claiming he had been denied his right to a fair trial because his first trial allegedly resulted in an acquittal.[3] On March 21, 2012, Appellant filed a supplemental petition, baldly asserting he was entitled to PCRA relief based upon the newly discovered facts exception.

On March 31, 2012, the PCRA court sent Appellant notice pursuant to Pa.R.Crim.P. 907, and Appellant *pro se* filed a response.[4] Following a lengthy

---

[2] Appellant's first PCRA petition is not contained within the certified record and does not appear on the docket. The Philadelphia prothonotary's office represented to this Court that the 1998 petition was lost. However, we note that this does not affect our analysis, as both the trial court and Appellant agree that his first PCRA petition was filed July 8, 1998, and dismissed as untimely on November 30, 1998.

[3] On July 7, 1993, Appellant had a jury trial, which resulted in a hung jury. Appellant was retried and subsequently convicted.

[4] It should be noted that the docket does not comply with Pa.R.Crim.P. 114 in that it does not reflect the time and manner of the service to Appellant. However, the actual 907 notice in the certified record notes the prison address where the letters were mailed. Further, there are no certificates of service attached to the 907 notices in the certified record. *(Footnote Continued)*

delay for which there is no clear explanation, the matter was reassigned to another judge of the same court, and a new 907 notice was sent to Appellant on April 17, 2016. Appellant did not respond. On June 13, 2016, the court formally dismissed the petition. Appellant *pro se* and timely appealed.

The PCRA court did not order compliance with Pa.R.A.P. 1925(b), and Appellant did not file a statement of errors. Nevertheless, the court issued a Rule 1925(a) opinion.

Herein, Appellant presents the following issues on appeal:[5]

1. Did the PCRA court err when denying [A]ppellant an evidentiary hearing to counsel abandonment of not notifying [sic] the Appellant of the Pennsylvania Supreme Court denial of his allowance of appeal, causing the Appellant to fall under the timely PCRA time line rule, in determining if [A]ppellant is entitled to reinstatement of his [appellate] rights to proceed under 42 Pa.C.S.A. 9545.

2. Did the PCRA court interfere with [appellate] right to present appeal ineffective claims [sic] that was not heard under Post Conviction Petition when it granted (after Superior Court denial), on record counsel withdrawal without **Finley**[6]/Letter [sic] of [appellate] claims, or evidentiary hearing of client/attorney communication of Appellant assertion of time-bar, and when on record counsel re-appointed by this court could not argue or file

---

**See** Pa.R.Crim.P. Rule 576 (requiring that "[a]ll documents that are filed and served pursuant to this rule shall include a certificate of service").

[5] In Appellant's PCRA petition, he raised issues of ineffective assistance of counsel and prosecutorial misconduct but does not raise them in his appeal. Therefore, Appellant has waived these issues for purposes of appeal. **See Commonwealth v. Sanchez**, 36 A.3d 24, 81 (Pa. 2011) (concluding that abandoned issues on appeal are not reviewable).

[6] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

***Turner/Finley***[7], against herself, denial of denial [sic] [A]ppellant['s] appealable issues?

3. Should this [Appellant] be granted his PCRA rights reinstated due to counsel misconduct causing his untimely filing?[8]

***See*** Appellant's Brief at 4 (unnecessary capitalization omitted).

We review an order denying a petition under the PCRA to determine whether the court's decision is free of legal error. ***See Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). Whether a petition is timely filed is a question of law. ***See Commonwealth v. Fahy***, 959 A.2d 312, 316 (Pa. 2008).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims except as the statute permits. ***See Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super 2017). Any PCRA petition, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). There

_____

[7] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Finley***, 550 A.2d at 213.

[8] During the pendency of this appeal, Janis Smarro, Esq., was still listed as counsel of record from Appellant's first appeal over twenty years ago. Upon receiving notice of the instant appeal, she filed an application in this Court, seeking to withdraw as counsel as she had not represented Appellant since his original appeal. This motion was denied without prejudice to seek the same relief in the PCRA court. She filed her petition with the PCRA court. Upon receipt of the PCRA's court's order, this Court relieved her of representation.

are three exceptions to the jurisdictional time limit:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this Section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); **see also Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (noting that in order to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).  Additionally, any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented."   42 Pa.C.S. § 9545(b)(2); **see also Commonwealth v. Gamboa–Taylor**, 753 A.2d 780, 783 (Pa. 2000).

Appellant's judgment of sentence became final on December 12, 1995, ninety days after the Pennsylvania Supreme Court denied *allocatur* and the time to file a petition for writ of *certiorari* with the United States Supreme Court expired.  **See** Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review."); *see also Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998). Therefore, Appellant had one year, or until December 12, 1996, to timely file a petition. Appellant filed the instant petition on March 19, 2012, fifteen years, three months and seven days afterwards, and it is patently untimely. Accordingly, Appellant must plead and prove that one of the enumerated exceptions to the one year time-bar is applicable. *See* 42 Pa.C.S. § 9545 (b)(1); *Perrin*, 947 A.2d at 1286.

In his brief to this Court, Appellant asserts that his claim is timely based upon the newly discovered facts exception to the one-year time limitation. *See* Appellant's Brief at 10. However, it is unclear to what fact or facts Appellant refers, nor when Appellant discovered them. Affording Appellant the most generous benefit of the doubt, we infer that Appellant references former counsel's depriving him of an opportunity to timely file his first PCRA petition. However, Appellant did not raise this issue before the PCRA court or in response to the 907 notice. Accordingly, we deem this issue waived. Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (finding that "any claim not raised in the PCRA petition is waived and not cognizable on appeal.").

Further, absent waiver, Appellant cannot establish this exception. Appellant suggests before this Court that he did not learn of counsel's alleged abandonment until August 1, 1997, when the Pennsylvania Supreme Court

responded to his inquiry and informed him of the date of the denial of his petition for *allocatur*. **See** Appellant's Brief at 10. However, his petition, filed almost fifteen years after the date of discovery, does not meet the requirement of Section 9545(b)(2), because it was not filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

For the aforementioned reasons, Appellant's second petition is untimely, and he has failed to plead and prove an exception to the statutory time-bar. Accordingly, the PCRA court was without jurisdiction to consider Appellant's claims. **See Rizvi**, 166 A.3d at 347.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/18